772 F.2d 906
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CHRISTINE HAYNES, PLAINTIFF-APPELLANT,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, DEFENDANT-APPELLEE.
 NO. 84-1822
 United States Court of Appeals, Sixth Circuit.
 8/29/85
 
 E.D.Mich.
 AFFIRMED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT for the EASTERN DISTRICT OF MICHIGAN
 BEFORE: LIVELY, Chief Judge; MERRITT and JONES, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is the second appeal in this case. On the first appeal this court determined that the Secretary erred in terminating social security disability benefits of the plaintiff Christine Haynes. The plaintiff had been found disabled within the meaning of the Social Security Act and had been awarded benefits from 1975 until 1979 when the decision was made to terminate. In reviewing the decision to terminate this court found that the Secretary had failed to produce evidence that there had been an improvement in the plaintiff's condition by which she was no longer disabled and entitled to benefits. See Haynes v. Secretary of Health and Human Services, 734 F.2d 284 (6th Cir. 1984).
 
 
 2
 Following the decision on the first appeal Ms. Haynes filed an application in the district court for attorney fees under the Equal Access to Justice Act, 42 U.S.C. Sec. 2412. Under that Act, which has since been repealed but which applies to the present case, attorney fees 'shall be awarded to a prevailing party other than the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.' The district court conducted a hearing on the application for attorney fees and at the conclusion thereof stated, 'I find the position of the United States was substantially justified . . ..'
 
 
 3
 Upon consideration of the briefs and oral arguments of counsel together with the record on appeal, this court concludes that the district court did not abuse its discretion or otherwise commit error in denying the application for attorney fees under the Equal Access to Justice Act. Though there was strong evidence that the condition of the plaintiff remained unchanged from the time of the initial award of benefits, nevertheless, this court had never ruled on an important issue in the case. That issue was whether the plaintiff's original burden of proof of disability continued with respect to termination of benefits or whether there was a presumption of continuing disability which placed the burden of establishing an improvement in the condition upon the Secretary. On the first appeal in this case this court for the first time determined that there was a presumption of continuing disability and that the Secretary had the burden of proving that the disability no longer existed.
 
 
 4
 Since there was an unresolved issue of law in this case which was important to the Secretary and to applicants for disability benefits, we agree with the district court that the position of the United States was substantially justified in contesting the claims of the plaintiff.
 
 
 5
 Our decision in this case under the Equal Access to Justice Act has no bearing on the motion for attorney fees pursuant to the Social Security Act now pending in the district court.
 
 
 6
 The judgmment of the district court is affirmed.